1 LISA T. BELENKY
(CA Bar No. 203225)
2 JUSTIN AUGUSTINE
(CA Bar No. 235561)
3 Center for Biological Diversity
351 California Street, Suite 600
4 San Francisco, CA 94104
Tel: (415) 436-9682
5 Fax: (415) 436-9683
E-mail: lbelenky@biologicaldiversity.org
6
*Attorneys for Plaintiff*

7

8 JOHN C. CRUDEN, Acting Assistant Attorney General
JEAN E. WILLIAMS, Section Chief
9 KRISTEN L. GUSTAFSON, Assistant Section Chief
H. HUBERT YANG, Trial Attorney
10 United States Department of Justice
Environment & Natural Resources Division
11 Wildlife & Marine Resources Section
Ben Franklin Station
12 P.O. Box 7369
Washington, DC 20044-7369
13 Tel: (202) 305-0209
Fax: (202) 305-0275
14 E-mail: hubert.yang@usdoj.gov

15 *Attorneys for Defendants*

16

17

18

19

20

21

1
STIPULATED SETTLEMENT AGREEMENT AND [PROPOSED] ORDER

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>    Plaintiff,<br><br>v.<br><br>KENNETH SALAZAR, in his official capacity as Secretary of the United States Department of the Interior, and UNITED STATES FISH AND WILDLIFE SERVICE,<br><br>    Defendants. | ) Case No. 5:09-cv-0091-VAP (AGRx)<br>)<br>) STIPULATED SETTLEMENT<br>) AGREEMENT AND [PROPOSED]<br>) ORDER<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

    Plaintiff Center for Biological Diversity and Defendants Kenneth Salazar, in his official capacity as Secretary of the United States Department of the Interior, and the United States Fish and Wildlife Service ("Service"), by and through their undersigned counsel, state as follows:

    WHEREAS, on October 6, 1998, the Coachella Valley milk-vetch (*Astragalus lentiginosus* var. *coachellae*) was listed as an endangered species under the Endangered Species Act ("ESA"), 16 U.S.C. § 1531 et seq.;

    WHEREAS, on December 14, 2005, the Service published a final rule designating zero acres of critical habitat for the Coachella Valley milk-vetch. *See* Endangered and Threatened Wildlife and Plants; Designation of Critical Habitat

1  for *Astragalus lentiginosus* var. *coachellae* (Coachella Valley Milk-Vetch), 70
2  Fed. Reg. 74112 (Dec. 14, 2005) ("Final Rule");

3      WHEREAS, on August 28, 2007, Plaintiff provided the Service with a 60-
4  day notice of intent to sue with regards to the Final Rule;

5      WHEREAS, on January 14, 2009, Plaintiff filed the above-captioned action
6  to challenge the Final Rule and compel the Service to issue a revised critical
7  habitat designation;

8      WHEREAS, on March 24, 2009, Defendants filed an answer to Plaintiff's
9  complaint, denying that the Final Rule was unlawful;

10      WHEREAS, the parties, through their authorized representatives, and
11  without any admission or final adjudication of the issues of fact or law with
12  respect to Plaintiff's claims, have reached a settlement that they consider to be a
13  just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiff's
14  complaint;

15      WHEREAS, the parties agree that settlement of this action in this manner is
16  in the public interest and is an appropriate way to resolve the dispute between
17  them;

18      NOW, THEREFORE, the parties hereby stipulate and agree as follows:

19      1.    On or before August 18, 2011, the Service shall submit to the Federal
20  Register a new proposed rule to designate critical habitat for the Coachella Valley
21  milk-vetch. On or before February 14, 2013, the Service shall submit to the

Federal Register a final determination on the proposed rule. This Settlement Agreement ("Agreement") only requires Defendants to take action by the deadlines specified herein and does not limit the Service's authority with regard to the substantive outcome of any determination.

2. Until the effective date of the final determination referenced in Paragraph 1, the existing Final Rule for the Coachella Valley milk-vetch shall remain in full force and effect. *See* Endangered and Threatened Wildlife and Plants; Designation of Critical Habitat for *Astragalus lentiginosus* var. *coachellae* (Coachella Valley Milk-Vetch), 70 Fed. Reg. 74112 (Dec. 14, 2005).

3. Either party may seek to modify the deadlines specified in Paragraph 1 for good cause shown, consistent with the Federal Rules of Civil Procedure. In that event, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the parties shall use the dispute resolution procedures specified in Paragraph 4 below.

4. The Order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court. In the event that either party seeks to modify the terms of this Agreement, including the deadlines specified in Paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other

party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim.  The parties agree that they will meet and confer (either telephonically or in-person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court.  If the parties are unable to resolve the claim themselves, either party may seek relief from the Court.  In the event that Defendants fail to meet a deadline and have not sought to modify it, Plaintiff's first remedy shall be a motion to enforce the terms of this Agreement.  This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

5. No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a lawful designation of critical habitat, or a lawful timetable therefor, in any other proceeding involving the Service's implementation of the ESA.

6. Defendants agree that Plaintiff is the "prevailing party" in this action, and agree to pay Plaintiff's reasonable attorneys' fees and costs pursuant to section 11(g) of the ESA, 16 U.S.C. § 1540 (g).  Defendants therefore agree to settle all of Plaintiff's claims for costs and attorneys' fees in this matter for a total of $6,798.70.  A check will be made payable in that amount to the Center for Biological Diversity, c/o Lisa T. Belenky, 351 California Street, Suite 600, San Francisco, CA 94104.  Defendants agree to submit all necessary paperwork for the

1  processing of the attorneys' fee award to the Department of the Treasury's

2  Judgment Fund Office, pursuant to 16 U.S.C. § 1540(g)(4), within ten (10)

3  business days of receipt of the order approving this Agreement.

4      7.   Plaintiff agrees to accept payment of $6,798.70 in full satisfaction of

5  any and all claims for attorneys' fees and costs of litigation to which Plaintiff is

6  entitled in this matter through and including the date of this Agreement.

7      8.   Plaintiff agrees that receipt of this payment from Defendants shall

8  operate as a release of Plaintiff's claims for attorneys' fees and costs in this

9  matter, through and including the date of this Agreement.

10     9.   The parties agree that Plaintiff reserves the right to seek additional

11  fees and costs incurred subsequent to this Agreement arising from a need to

12  enforce or defend against efforts to modify the underlying schedule outlined in

13  Paragraph 1 or for any other continuation of this action.  By this Agreement,

14  Defendants do not waive any right to contest fees claimed by Plaintiff or

15  Plaintiff's counsel, including the hourly rate, in any future litigation or

16  continuation of the present action.  Further, this Agreement as to attorneys' fees

17  and costs has no precedential value and shall not be used as evidence in any other

18  attorneys' fees litigation.

19     10.  Subject to the qualifications in Paragraph 11, no provision of this

20  Agreement shall be interpreted as, or constitute, a commitment or requirement that

21  Defendants take action in contravention of the ESA, the Administrative Procedure

Act ("APA"), or any other law or regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to the Service by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any final determination.

11. Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Defendants are obligated to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable appropriations law.

12. The parties agree that this Agreement was negotiated in good faith and that this Agreement constitutes a settlement of claims that were denied and disputed by the parties. By entering into this Agreement, the parties do not waive any claim or defense.

13. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

14. The terms of this Agreement shall become effective upon entry of an order by the Court ratifying the Agreement.

15. Upon approval of this Agreement by the Court, all counts of Plaintiff's complaint shall be dismissed with prejudice. Notwithstanding the

dismissal of this action, however, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Dated: November 14, 2009                    Respectfully submitted,

*/s/ Lisa T. Belenky*
LISA T. BELENKY
JUSTIN AUGUSTINE
Center for Biological Diversity
351 California Street, Suite 600
San Francisco, CA 94104
Tel: (415) 436-9682
Fax: (415) 436-9683
E-mail: lbelenky@biologicaldiversity.org

*Attorneys for Plaintiff*


JOHN C. CRUDEN
Acting Assistant Attorney General
JEAN E. WILLIAMS
Section Chief
KRISTEN L. GUSTAFSON
Assistant Section Chief

*/s/ H. Hubert Yang*
H. HUBERT YANG
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
601 D Street, N.W., Room 3710
Washington, DC 20004
Tel: (202) 305-0209
Fax: (202) 305-0275
E-mail: hubert.yang@usdoj.gov

Of Counsel:

CHERYLL DOBSON
Assistant Regional Solicitor
United States Department of the Interior
Office of the Solicitor
Pacific Southwest Regional Office
2800 Cottage Way, Room E-1712
Sacramento, CA 95825-1890

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2009, I electronically filed the foregoing Stipulated Settlement Agreement and [Proposed] Order with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record.

/s/ H. Hubert Yang
H. Hubert Yang
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7369
Washington, DC 20044-7369
Tel: (202) 305-0209
Fax: (202) 305-0275
E-mail: hubert.yang@usdoj.gov

*Attorney for Defendants*